UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

WARREN LAVELL JACKSON,

    Plaintiff,

v.                                                        Case No. 5:05-cv-490-Oc-10GRJ

WARDEN TRACY JOHNS, et al.,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff, *pro se*, is an inmate at the Federal Correctional Complex in Coleman, Florida. On November 30, 2005, Plaintiff initiated this case by executing a Complaint pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics.[1] (Doc. 1). Plaintiff is now proceeding on an Amended Complaint in which Plaintiff alleges Defendants Johns, Yates, and Campbell intentionally violated his right to access the courts when Defendants denied his request to be released to the custody of local authorities so that he could appear for a Writ of Habeas Corpus Ad Prosequendum.[2] (Doc. 5). Plaintiff alleges that on September 1, 2004, the Circuit Court for the Nineteenth Judicial Circuit in and for Martin County, Florida

---

[1] 403 U.S. 388 (1971).

[2] In his amended complaint Plaintiff named Tracy Johns, Warden; Jeffrey Campbell, Staff Attorney; Stan Yates, Former Warden; and two John Does as Defendants.

issued a Writ of Habeas Corpus Ad Prosequendum requesting temporary transfer of Plaintiff for the purpose of attending a post-conviction hearing on a prior State conviction.  The hearing was scheduled for October 15, 2004.  Plaintiff further alleges that his state post-conviction case was closed after Warden Yates denied his temporary transfer, and the Warden denied his transfer because Plaintiff is serving a life sentence and is considered high risk.

Plaintiff concedes the decision for him to be transferred on a state writ is in the Warden's discretion, per Bureau of Prisons' policy, but maintains the Warden should have had him transported by the U.S. Marshal.  Plaintiff states that Defendant Yates and Campbell told Plaintiff he should request the state judge to conduct the hearing via telephone or videoconference, but that the state judge's secretary told Plaintiff that request was denied.[3]   As for relief sought, Plaintiff requests $20,000 in compensatory damages from each Defendant for emotional distress, emotional pain, and emotional suffering and $50,000 in punitive damages from each Defendant.

Now before the Court is Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment in which Defendants move to dismiss the Amended Complaint. (Doc. 18).  Plaintiff has responded to the motion  (Doc. 22), and this matter is now ripe for review.  For the following reasons, the motion is due to be **GRANTED**.

---

[3]It is not clear from the Amended Complaint whether Plaintiff appealed the state court's decision.

**Improper Service**

The Court denied Plaintiff's motion to proceed *in forma pauperis,* after which Plaintiff paid the full filing fee. Therefore, Plaintiff was responsible for service of process upon the Defendants and he was advised twice of the requirements of Rule 4 of the Federal Rules of Civil Procedure. (Docs. 8, 10). Proper service of process is a necessary prerequisite to the exercise of personal jurisdiction over a defendant. See, e.g., Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97 (1987). In a Bivens action, service upon the United States (i.e., the Attorney General and the United States Attorney's Office) must be effected, see FED. R. CIV. P. 4(i)(1)(A),(B), in addition to the service that must be effected on the individual Defendants. See FED. R. CIV. P. 4(i)(2)(B) (referencing, inter alia, Rule 4(e)).

A review of the papers in the case clearly shows that Plaintiff has failed to meet the requirements for service of process as outlined in Rule 4 in that there has been no proper service as to Defendants Johns and Campbell. Defendants Johns and Campbell received summons and the Amended complaint by certified mail.[4] (Doc. 13). Accordingly, Plaintiff's Amended Complaint is due to be dismissed under Fed. R. Civ. P. 12(b)(5) because service by institutional mail is not a proper form of service upon an individual federal defendant. See FED. R. CIV. P. 4(i)(2).

---

[4]Defendant Yates has retired from Coleman, and Plaintiff has not served him. Plaintiff has filed a motion to produce Defendants Yates address, and has requested that the Court to grant him *in forma pauperis* status to the extent the U.S. Marshals will serve Defendants. These requests are due to be denied as moot because, as explained in this Order, Plaintiff's amended complaint fails to state a cause of action.

**Exhaustion of Administrative Remedies**

It is clear from the documents attached to the Amended Complaint that Plaintiff exhausted his administrative remedies as to Defendants Yates and Campbell.[5] In January 2005, Plaintiff attempted to informally resolve the matter via an Informal Resolution Form. Correctional staff replied, "[a]ccording to our legal staff, you are not a candidate for such a transfer." (Doc. 5, pg. 18). Plaintiff wrote an inmate request to Defendant Campbell, asking reconsideration of the denial of transfer. The response stated, "[t]he decision is within the warden's discretion per policy. At this time you are not a candidate for such a transfer."

On February 1, 2005, Plaintiff filed an Administrative Request. On April 12, 2005, Defendant Yates denied Plaintiff's request, stating "[i]nvestigation into this matter reveals this type of transfer is at the Warden's discretion. According to legal staff, you are not a candidate for such a transfer at this time."

Plaintiff then executed his formal Request for Administrative Remedy, which was denied on May 25, 2005 with the following explanation:

> Records indicate a Writ of Habeas Corpus Ad Prosequendum was issued by the Circuit Court of the Nineteenth Judicial Circuit in and For Martin County, Florida, for you appearance in state court. The writ was issued to the Sheriff of Martin County, Florida, and Stan Yates, Warden, Federal Correctional Institution, Coleman, Florida. Once the writ was received by institution staff, a memorandum was prepared to the Warden to determine if your release on state writ would be approved. The Warden verbally disapproved your release on writ and state officials were notified. Based on your Request for Administrative Remedy, state officials were recently contacted to determine if you appearance in state court was still required. State officials indicated the

---

[5]It appears Plaintiff failed to exhaust his administrative remedies as to Defendant Johns.

writ was still valid. A second memorandum dated May 16, 2005, was forwarded to the Warden to determine if your release on state writ would be approved. On May 17, 2005, the Warden denied the request. Bureau of Prisons' Program Statement 5875.12, <u>Transfer of Inmates to State Agents for Production on State Writs</u>, states, "A state of local law enforcement agency may, with the Warden's approval, obtain an inmate by means of a writ of habeas corpus ad prosequendum without filing a detainer. The Warden shall authorize transfer only when satisfied that the inmate's appearance is necessary, that state and local arrangements are satisfactory, that the safety or other interests of the inmate (such as an imminent parole hearing) are not seriously jeopardized, and that federal interests, which include those of the public will not be interfered with, or harmed. Authorization may not be given where substantial concern exists over any of these considerations." The Warden has reviewed and denied your release on writ to state agents.

Plaintiff then appealed this denial to the Central Office. Plaintiff's appeal was denied on October 11, 2005.

## **Standard of Review**

A complaint should not be dismissed for failing to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. <u>See</u> <u>Harris v. Proctor & Gamble Cellulose Co.</u>, 73 F.3d 321, 324 (11th Cir.1996). The Court construes the complaint in the light most favorable to the plaintiff and all well-pled allegations are taken as true. <u>See</u> <u>Roberts v. Florida Power & Light Co.</u>, 146 F.3d 1305, 1307 (11th Cir.1998). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Further,

*pro se* pleadings are entitled to the benefit of liberal construction.[6] Dismissal under FED. R. CIV. P. 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations in the complaint." Rendon v. Valleycrest Prods., Ltd., 294 F. 3d 1279, 1282 (11th Cir. 2002)(*citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

## Discussion

Plaintiff contends that he was entitled to be present at the evidentiary hearing on his claim of ineffective assistance of counsel in state court. It is well established that prisoners have a Constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). The Supreme Court has held that the right is founded in the Due Process Clause, Wolff v. McDonnell, 418 U.S. 539, 574 (1974), or the Equal Protection Clause, Pennsylvania v. Finley, 481 U.S. 551, 557 (1987), or in the First Amendment right to petition for a redress of grievances, Turner v. Safley, 482 U.S. 78, 84 (1987) (citation omitted). An indigent prisoner's constitutional right to access the courts is not, however, without limit. The constitutional benchmark for right of access to the courts is meaningful, not total or unlimited access. Campbell v. Miller, 787 F.2d 217, 226 (7th Cir. 1986).

To state a claim for relief under Bivens, a plaintiff must establish two elements: (1) that he suffered a deprivation of a federal right secured by the Constitution or a

---

[6] Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

federal statute; and (2) the individual committing the act or omission causing the deprivation acted under color of law. Wideman v. Shallowford Community Hosp., Inc., 826 F.2d 1030,1032 (11th Cir. 1987). Plaintiff's Amended Complaint fails to state a claim for relief because he has not alleged Defendants violated a constitutional right. "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. Among those limited is the otherwise unqualified right. . . to parties in all the courts of the United States to 'plead and manage their own causes personally.'" Price v. Johnston, 334 U.S. 266, 285-86 (1948) *rev'd on other grounds by* McCleskey v. Zant, 499 U.S. 467 (1991).

Prisoners who bring civil actions do not have a constitutionally protected right to appear personally in civil trials. In re Wilkinson, 137 F.3d 911, 914 (6th Cir. 1998). See also Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). "The right to access does not necessarily mean the right to be physically present at the trial of a civil suit." Pollard v. White, 738 F. 2d 1124, 1125 (11th Cir. 1984). Further, the Court takes judicial notice of Florida Rule of Criminal Procedure 3.850, which specifically states that the State court does not require the presence of the movant in post-conviction proceedings.[7]

---

[7] When considering a motion to dismiss under FED. R. CIV. P. 12(b)(6), the Court may take judicial notice of public records without converting the motion to one of summary judgment. See Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1279 (11th Cir. 1999).

## Conclusion

For the reasons set forth herein, as well as those set forth in Defendants' motion, this case is due to be dismissed with prejudice. Accordingly, Plaintiff's Amended Complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 28th day of December 2006.

_____
UNITED STATES DISTRICT JUDGE

c: Warren Lavell Jackson
   Counsel of Record